**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>7CS CORP.,<br><br>DEBTOR. | Case No. 15-11037-MER<br><br>Chapter 11 |

**MOTION TO ENFORCE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)(3)**

7CS CORP., Debtor-in-Possession herein, through its undersigned counsel, respectfully moves the Court to Enforce the Automatic Stay, pursuant to 11 U.S.C. § 362(a)(3), and states as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction to consider and determine this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O), as it concerns the administration of the estate and other proceedings affecting the liquidation of the assets of the estate.

**Background**

3. 7CS Corp. filed a petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on or about February 5, 2015 ("Petition Date"), and is operating as a Debtor-in-Possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

4. Pursuant to the Voluntary Petition, the Debtor scheduled Adriana Y. Solano-Chevarria ("Creditor") as an unsecured creditor arising from a civil judgment rendered by the District Court for the City and County of Denver in *7 CS Corp, d/b/a Rubber Service Corp. v. Adriana Y. Solano-Chevarria*, Case No. 2012CV3134 ("First Civil Action").

5. Prior to the commencement of this bankruptcy case, undersigned counsel notified the Creditor, through her counsel, that the Debtor intended to file for bankruptcy relief.

6. Prior to the commencement of the this bankruptcy case, on or about February 2, 2015, the Creditor commenced a civil action against Lou Siemer, Glen Siemer, and Sally Latronoix (collectively hereinafter referred to as the "Debtor's Control Persons"), in their individual capacities and as the officers and directors of the Debtor, by filing a Complaint in the District Court for the City and County of Denver ("State Court"), styled as *Adrianna Y. Solano-Chevarria v. Lou Siemer*, *et. al*, Case No. 2015CV30374 ("Second Civil

Action").

7. Pursuant to the Second Civil Action Complaint, the Creditor asserts two (2) claims for relief, as follows: (1) the legal theory of piercing the corporate veil and (2) unlawful distributions. Moreover, the Creditor alleges that the Debtor's Control Persons transferred funds from bank accounts maintained by the Debtor and to the Debtor's Control Person's personally maintained accounts. The Second Civil Action Complaint is attached hereto as **EXHIBIT 1** and incorporated by reference herein.

8. Although, prior to the commencement of this bankruptcy case, undersigned counsel notified the Creditor, through her counsel, that the Debtor was preparing to file for bankruptcy relief, the Creditor has never notified the Debtor that she commenced the Second Civil Action.

9. On or about March 3, 2015, the Debtor's Control Persons filed a Motion to Stay Proceedings Pending Outcome of Bankruptcy or, in the alternative, Motion to Dismiss ("Motion to Stay"), which is attached hereto as **EXHIBIT 2** and incorporated by reference herein.

10. Pursuant to the Motion to Stay, the Debtor's Control Persons asserted that the Second Civil Action is property of the Debtor's bankruptcy estate, and should be subject to the automatic stay, as the unlawful distribution cause of action is a claim that belongs to the Debtor and is thus property of the estate.

11. On or about March 23, 2015, the Creditor filed a responsive pleading styled, Plaintiff's Response to Defendants' Motion to Dismiss and Motion to Stay ("Response to the Motion"), which is attached hereto as **EXHIBIT 3** and incorporated by reference herein.

12. Pursuant to the Response to the Motion, the Creditor asserted, among other arguments, that the automatic stay does not apply because the Debtor's Control Persons are not the Debtor in this bankruptcy case, the automatic stay applies only to the debtor and not the debt, and "the crux of the lawsuit is the Piercing the Corporate Veil Claim." See *Exh 3*, p.2-3.

13. On or about April 2, 2014, Mr. Lou Siemer filed a Reply to the Response to the Motion ("Reply to the Response"), which is attached hereto as **EXHIBIT 4** and incorporated by reference herein.

14. On or about April 8, 2015, the State Court denied the Motion to Stay (the "Order"). The State Court's Order is attached hereto as **EXHIBIT 5** and incorporated by reference herein.

15. Pursuant to the Order, the State Court rationalized that, "[t]he automatic stay applies to claims against the bankrupt debtor, and not to non-debtor shareholders and officers being pursued under a piercing-the-corporate-veil theory….Defendants and the corporation may ask the bankruptcy court for relief if this case is actually impacting the debtor's

estate." *Exh. 5*.

16. The issue before this Court is whether the Debtor's bankruptcy case stays the Second Civil Action commenced against the Debtor's Control Persons as the claims pursued by the Creditor are property of the estate.

**The Debtor's Control Persons are Entitled to the Protections of the Automatic Stay**

17. Although the Debtor's Control Persons are not the Debtor in this bankruptcy case, the automatic stay extends to suspend prosecution of the Second Civil Action because the unlawful distribution claim is property of the estate, pursuant to 11 U.S.C. §§ 541 and 362(a)(3).

Section 541(a)(1)

18. Pursuant to 11 U.S.C. § 541(a)(1), property of a bankruptcy estate is broadly defined to include "'all legal or equitable interests of the debtor in property as of the commencement of the case,' including causes of action belonging to the debtor at the commencement of the bankruptcy case." *In re Porter McLeod*, 231 B.R. 786, 791 (D.Colo.1999)("[i]t is from this 'central core of property' that the debtor's creditors will be paid")(citing *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860 (10th Cir.1986)(debtor corporation's estate includes any right of action debtor corporation has against corporate officers or directors)); see also *Matter of SI Acquisition, Inc.*, 817 F.2d 1142, 1149 (5th Cir.1987) ("'all legal or equitable interest of the debtor in property' is all-encompassing and includes rights of action as bestowed by either federal or state law").

19. The Colorado Business Corporation Act, C.R.S. § 7-108-403 (2006), provides that a director's liability is to the corporation. See *Paratransit Risk Retetion Group Ins. Co. v. Kamins*, 160 P.3d 307, 314 (Colo.App.2007)(citing *Ficor, Inc. v. McHugh*, 639 P.2d 385, 394 (Colo.1982) (unpaid creditor's ability to assert an unlawful distribution claim on behalf of corporation limited to instance where corporation is dissolved and only one unpaid creditor remains)).

20. The 10th Circuit Court of Appeals, in *Delgado Oil Co., Inc. v. Torres*, decided whether a claim against a non-debtor director of a bankrupt corporation, for unlawful preferential payments in breach of the director's fiduciary duty, is property of the debtor corporation's bankruptcy estate. Therein, a creditor of the debtor corporation alleged that the corporation's director mismanaged the corporation's assets resulting in preferential payments to certain creditors. See *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 859 (10th Cir.1986).

21. In order to determine the ultimate issue as to whether the bankruptcy court had exclusive jurisdiction to adjudicate the transfer issue, the 10th Circuit determined that the bankruptcy estate "includes any right of action the debtor corporation may have to recover damages for misconduct, mismanagement, or neglect of duty by a corporate officer or director." *Id*. at 860 (citing 4 Collier on Bankruptcy ¶ 541.10[8] (15th

ed.1983)).

22. The 10th Circuit further acknowledged that, although a creditor may pursue an unlawful transfer claim on behalf of the corporation, "the intervention of the bankruptcy case now prevents the inequity of one creditor recovering more on its debt than the remaining similarly situated creditors can recover on theirs." *Id*. at 861.

23. The Second Civil Action Complaint sets forth an unlawful distribution claim as the Creditor's second cause of action. Pursuant to C.R.S. § 7-108-403, such cause of action is maintainable through the Debtor. As the Debtor holds the legal right to seek recovery in the Second Civil Action, the recovery of the alleged transfer would become property of the estate under 11 U.S.C. § 541(a)(1).

Section 541(a)(3)

24. Alternatively, should the Creditor's Complaint more accurately allege a fraudulent transfer, as set forth in the State Court's Order, the Second Civil Action remains property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(3).

25. Pursuant to 11 U.S.C. § 541(a)(3), property of the estate includes, "any interest that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of [the Bankruptcy Code]." In turn, recovery of estate property includes, but is not limited to, any transfer avoided under 11 U.S.C. §§ 544, 547, and 548. 11 U.S.C. § 550.

26. Pursuant to 11 U.S.C. §§ 1101(1) and 1107(a), the Debtor holds the right to maintain a preferential transfer action. *Delgado Oil, Inc. v. Torres*, 785 F.2d at 860-61 ("[e]ven under the common law, plaintiff's cause of action is maintainable only through the debtor corporation").

27. In the Second Civil Action, the Creditor seeks to hold the Debtor's Control Persons liable for transfers allegedly made by the Debtor and to the Debtor's Control Persons, between November 2014 and December 2014. Pursuant to 11 U.S.C. § 550, the alleged transfers is property recoverable by the Debtor and would revert to the bankruptcy estate for fair distribution to its creditors. *Id*. at 860-62 (the purpose of a transfer action is to return corporate assets to the debtor's estate for equitable distribution to all creditors).

28. Therefore, any recovery of the transfers alleged in the Second Civil Action would become property of the Debtor's bankruptcy estate, pursuant to 11 U.S.C. § 541(a)(3).

Section 362(a)(3)

29. The Second Civil Action is subject to the automatic stay as it is a judicial proceeding commenced by one of the Debtor's creditors to obtain possession of estate property.

30. Pursuant to 11 U.S.C. § 362(a)(3), the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control

over property of the estate."

31. Otherwise, "to allow [the Creditor's] actions to proceed would undercut the general bankruptcy policy of ensuring that all similarly-situated creditors are treated fairly." *Matter of SI Acquisition, Inc.*, 817 F.2d 1142, 1153-54 (5th Cir.1987)(denying stay of the action promotes the first-come-first-served unequal distribution dilemma that the Bankruptcy Code seeks to prevent).

32. Pursuant to the Second Civil Action Complaint, as well as the Response to the Motion, the Creditor concedes that the Second Civil Action stems from the judgment rendered in favor of the Creditor, and against the Debtor, in the First Civil Action. *Exh. 1,* p.1 ¶1 and *Exh. 4,* p.1 ¶1-2.

33. More specifically, the Creditor states that the unlawful distribution claim arises from the Debtor's responses to Rule 69 interrogatories, which were part of the Creditor's collection efforts in the First Civil Action. *Exh. 4*, p.3 ¶8. As such, the Creditor commenced the Second Civil Action as part of her continuing effort to collect on a claim that the Debtor scheduled in its Voluntary Petition. See *Docket Number 1*, p.18 (Sch. F).

34. Although the Second Civil Action pleads claims only against the Debtor's Control, as a possible attempt to circumvent the protections afforded under the Bankruptcy Code, the nature of the Second Civil Action is an attempt to obtain possession of the Debtor's property. See generally *Matter of SI Acquisition, Inc.*, 817 F.2d at 1154 "the unchecked prosecution of [the Second Civil Action] also abridges the general policy of giving the debtor and its control persons the opportunity to reorganize its finances").

35. As the Creditor attempts to acquire property of the Debtor's bankruptcy estate, by skillfully pleading claims against the Debtor's Control Persons, the Debtor requests that this Court stay the Second Civil Action.

WHEREFORE, the Debtor respectfully requests that the Court stay the state court civil action against the Debtor's officers and directors under 11 U.S.C. § 362(a)(3), as any amounts recovered in the state court action complaint would become property of the Debtor's bankruptcy estate under 11 U.S.C. § 541, and grant such other and further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 4TH day of May, 2015. ,

/s/ *Stephen E. Berken*
Stephen E. Berken, #14926
1159 Delaware Street
Denver, Colorado 80204
Tel: (303) 623-4357; Fax: (303) 554-7853
E-mail: stephenberkenlaw@gmail.com
ATTORNEY FOR DEBTOR